All right, our next case is People v. Edward Ragon, and that is 5-17-0448. Whenever you're ready. May it please the Court. My name is Christina O'Connor. I'm an assistant appellate defender at the Office of the State Appellate Defender, and I represent Mr. Edward Ragon in this matter. There are three issues in this case. Whether there was a one-act home crime violation when Mr. Ragon was found guilty and sentenced on two separate counts of aggravated fleeing and attempting to elude based on alternate theories. Whether Mr. Ragon was proved guilty beyond a reasonable doubt with count three, aggravated fleeing and attempting to elude based on speeding at least 21 miles per hour over the speed limit. And if count three is upheld, whether Mr. Ragon's conviction of speeding should be vacated as it is a lesser-included offense. I'm going to focus my arguments on the first two issues as the State has conceded the last argument. If Your Honors have any questions about the last issue that I may not address in my argument, I would be happy to answer those questions. Here, Mr. Ragon was convicted and sentenced on two counts of aggravated fleeing and attempting to elude based on alternate theories. Count three was for speeding, and count four was based on the altered license plate that was on the vehicle. Mr. Ragon argues that this is a violation of the one-act home crime rule, and the State argues that because there was a general verdict form, only one conviction should remain. So regardless, both parties agree there should only be one conviction in this case. Now, typically in this situation, the matter should be remanded back down to the trial court for the court to decide which conviction to impose judgment on. However, there have been cases in similar situations where the offense was the same classification, where one party had preference, our Supreme Court has picked which offense to vacate and which to impose judgment on. Now here, the State does not appear to have a preference in the case and just wants the case to be remanded back to the trial court. Now, this is a unique situation because the trial court spoke on this issue and recognized that Mr. Ragon could only have one conviction because both counts were alternate theories. The trial court used the term lesser-included offense when it stated that judgment should be imposed on count three, which is aggravated fleeing and attempting to elude based on speeding. From the record, it is apparent that had the State not misguided the trial court nor had trial counsel erroneously agreed with the State, Mr. Ragon would have been sentenced on count three and had count four vacated. So if the State hadn't misconstrued this law, then this wouldn't be an issue we'd be arguing today, and the only arguments you would have would be the reasonable doubt for count three and that the speeding conviction is a lesser-included offense of count three. Therefore, in light of judicial economy, when the trial court has spoken on this issue and nothing prohibits this court from picking which offense judgment should be imposed on, this court should follow what the trial court was going to do and impose judgment on count three and vacate count four. Additionally, in order to prove aggravated fleeing and attempting to elude based on speeding, it must be proved beyond a reasonable doubt that Mr. Ragon was driving at least 21 miles per hour over the speed limit. Officer Moore testified that with his radar systems, he had the capability to either let his radar run or lock in a speed that it reads. Moore stated that when he detected the speed of 78 miles per hour in a 55-mile-per-hour zone, he locked in that speed, and that was the speed in which he relied on. Additionally, in the information, Mr. Ragon was charged with traveling 23 miles per hour over the posted speed limit. So the issue here is three miles per hour. That means if Mr. Ragon's speed was 75 miles per hour, he could not be guilty of the additional element that enhances the offense from a misdemeanor to a felony. At trial, Moore testified that he did not know when he last calibrated his radar, that it was self-calibrating, but there was still a need for the use of tuning forks, and he typically tested his device two times a week. However, Moore did not know his department's policy for the use of tuning forks. The state did not introduce evidence of the department's policy for the use of the tuning forks, and therefore, it is unclear if Moore was following the department's policy on how to properly calibrate his radar device. Even Moore testified that he could not be sure whether his radar was accurate that day. All of the cases where Illinois courts have upheld convictions using radar have some testimony that the device was calibrated either shortly before or after the stop, and three miles an hour is a very small amount. So because even Moore was unsure of the accuracy of the radar device, there is doubt that the state proved Mr. Ragon was going 78 miles per hour. Therefore, because the state conceded that Mr. Ragon should only have one conviction for aggravated fleeing and attempting to elude, and the trial court initially was going to impose judgment on Count 3, Mr. Ragon's conviction for Count 4 should be vacated. Additionally, because the state failed to prove Mr. Ragon guilty of Count 3 beyond a reasonable doubt, his conviction should be reduced to the lesser-included offense of fleeing and attempting to elude. In the alternative, if this Court believes that Mr. Ragon's conviction for Count 3 was proved beyond a reasonable doubt, then he asks this Court to vacate his conviction for speeding as it is a lesser-included offense. Do Your Honors have any questions? Thank you. Thank you. We'll have time to move on. Camden. May it please the Court. Counsel. Jennifer Camden on behalf of the people. The Illinois Supreme Court in the Cardona case in 1994 directed a review in courts about the proper procedure where, as here, there's one general verdict form returned on multiple charges, and that's to remand for a determination of which charge was the more serious. Now, it's the defendant's argument that this Court can know which count the circuit court intended to enter judgment on because of a discussion at the sentencing hearing. And although the record does show that the Court had been all set to sentence the defendant only on Count 3, the record shows that that was because of the Court's erroneous belief that the jury had found him guilty on Count 3 and that the Court had then subsequently dismissed Count 4 as a lesser-included offense. Both halves of the Court's statement were inaccurate. It would be one thing if the record showed that the Court had been about to impose judgment only on Count 3 because the Court was aware of this general verdict problem and has selected Count 3 as the more serious count and that the State had somehow persuaded the Court to enter judgment on both counts. If that were the case, then this Court could probably select Count 3 now, securing the knowledge that it was doing what the circuit court would do if this Court were to remand as directed by Cardona. But that's not what happened here. On this record, there's no showing that the Court was ever confronted with the facts as we now understand them. The Court initially selected Count 3 for an erroneous reason, an erroneous analysis, and the Court then entered judgment on both counts. Again, the Court did not intend to select Count 3 because it believed that that was the more serious of the two offenses. And under Cardona, that's the relevant analysis, and that's what controls here. The defendant argues that there's no reason for this Court not to go along with the defendant's election of Count 3 because the defendant has a preference here. Well, the State's expressed a preference for remand, and I must note that the reason for a defendant's choice of Count 3 is rather clear, which is that it's step one in a two-step plan to get his conviction for aggravated fleeing or attempting to elude reduced to simple fleeing or attempting to elude. Because in this Issue 1, he purports to choose to be convicted of fleeing or attempting to elude based on Count 3. Then in Issue 2, he argues that his conviction of aggravated fleeing or attempting to elude on his chosen theory, Count 3, was based on insufficient evidence and must be reduced to non-aggravated fleeing or attempting to elude. In other words, the defendant in this case isn't arguing that either of his two counts of aggravated fleeing or attempting to elude should stand. I'd also note that which count stands also will affect whether the lesser offense of speeding would stand, that the speeding conviction would hinge on which – on whether Count 3 or Count 4 ultimately stands. So I leave it to this Court to determine whether those are reasons for this Court to follow the defendant's recommendation. But I return again to the Supreme Court's direction in the Cardona case that in this circumstance, a reviewing court should remand for a determination of which of the counts is more serious. Moving on to Count – to Issue 2, I again return to Cardona and note that where a general verdict is returned, the effect is that the defendant is guilty as charged in each count to which the proof is applicable. And in this case, the attempt to flee or elude unquestionably involved an altered license plate, so the state proved beyond a reasonable doubt that he was guilty of aggravating fleeing or attempting to elude on Count 4. And for that reason, even if this Court were to find that the state did not provide sufficient evidence of defendant's guilt on Count 3 based on speeding over 21 miles an hour over the limit, this Court would still, under Cardona, be required to affirm its conviction of aggravated fleeing or attempting to elude because the state proved beyond a reasonable doubt that he was guilty as charged in Count 4. And in that event, this Court actually would not need to remand to the circuit court as requested by the State in Issue 1 because only a single count of aggravated fleeing or attempting to elude would remain. But the State's arguing that the Court should find that the State presented sufficient evidence on Count 3 and therefore remand for a determination of which is the more serious count. On the issue of the sufficiency of the evidence, I note that there was no evidence that Officer Moore's twice-a-week schedule of manual recalibration violated any departmental policy or was insufficient to ensure accuracy. The evidence was that the radar was required to be periodically calibrated, that he did so manually using tuning forks, and that he would have done so at most two or three days before the charged crimes. There was further evidence that the system also automatically recalibrated itself every 10 minutes, and he testified that it was working properly on the night of the charged crimes. And under the Jackson v. Virginia standard, the jury could have resolved any remaining questions about the accuracy of the radar in favor of the State and is presumed to have done so. I'd also note that the jury, in addition to this testimony of Moore, also saw a video of the high-speed pursuit, and that video is in the record on appeal. And so on this evidence, the evidence was sufficient regarding the aggravated factor alleged in Count 3. The defendant's argument depends on the suggestion that Moore's schedule of manual recalibration was insufficient to ensure that his new self-calibrating system was in proper working order, but that suggestion is not supported by the evidence and is contrary to the presumptions applicable on appeal concerning viewing the evidence in the light most favorable of the State. Now, the defendant has discussed in the brief a number of cases involving the manual recalibration of radar systems, but I note that none of those cases involved radar systems that automatically recalibrated themselves every 10 minutes. And there was no evidence presented in this case that this new type of radar system that Moore said that he had must be manually tested with the frequency employed by the defendant's cited cases, most of which date from the 60s and 70s. The jury in this case, like the jury in the Birch case, which is one of the cases cited and discussed by the parties, had evidence that the radar had been tested for accuracy some unspecified amount of time before the defendant's speed was tested, and that was enough. And so for these reasons and the reasons stated in the People's Answer Brief, I respectfully request that the Court find that the evidence was sufficient on Count 3 and provide such other relief as is appropriate. Thank you. Just briefly, Your Honors, as the State mentioned, the Cardona case, which was in 1994, however, in People v. Price was in 2006, and our Supreme Court in that case, there was two convictions of a theft statute under different subsections. And after the Court determined it was a violation of the one act, one crime rule, the Court said and held, and I'm reading this from the case, that the State has suggested vacation of the judgment and sentence on Count 3. Defendant has expressed no preference, and we discern no reason to disregard the State's suggestion. Hence, we reverse the judgment of the appellate court and vacate defendant's convictions and sentences on Count 3 of the indictment. So in 2006, our Supreme Court decided, in a similar situation where it was the same statute under different subsections, the Court could pick which one to impose judgment on. And here, the trial court stated that Mr. Redding was not guilty of Count 2, which was another license plate matter, which is possession of altered license plate on the vehicle, and has dismissed the lesser included offense, which is an alternate theory. And that is found on the reported proceedings starting on page 346. So even though the trial court wasn't presented exactly with this argument, it still alluded to that it was making a one act, one crime type of determination. And so logic follows that the trial court would have imposed judgment on Count 3 had the State not misguided. Tell us again what you're asking us to do. We're asking the Court to impose judgment on Count 3 and vacate Count 4. And the State wants to remand the case back down to the trial court for the Court to make the determination. We're arguing the trial court already made this determination because it stated that it was a lesser included offense during sentencing when he was going to be sentenced. So and then additionally, for argument 2, there's no evidence that the self-calibration and Moore's use of the tuning forks a couple times a week was not efficient because the State did not present such evidence. So Illinois courts are clear that it has to be there has to be evidence of reliability to uphold the traffic conviction. Moore did not know his department's policy. We don't know if using the radar tuning forks two times a week is sufficient. This is a three mile per hour difference. So therefore, there is doubt that Mr. Reagan is actually traveling at least 21 miles per hour over the speed limit. All right. So if your honors don't have any other questions. I believe so. Mr. Reagan respectfully asked this Court to impose judgment on Count 3 and vacate Count 4 and find that Count 3 was not proved beyond a reasonable doubt and reduce that to the lesser included offense of fleeing or attempting to elude. And in the alternative, if this Court believes that Count 3 was found beyond a reasonable doubt, that this Court vacate his conviction for the lesser included offense of fleeing. Thank you. Thank you. Thank you both. The matter will be taken into consideration. Our ruling will be issued in due course. Thank you.